UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J6ERS WERE DESTROYED BY WEAPONIZATION,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Respondent. | Civil Action No. 26-02082 (RDM) |

**RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................1

BACKGROUND ....................................................................................................4

STANDARD OF REVIEW ....................................................................................5

I. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) ..................5

II. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ..................5

ARGUMENT ....................................................................................................5

I. COUNTS I AND II DO NOT SUPPORT THE REQUESTED WRITS OF MANDAMUS ....................................................................................................5

A. Count I Requires a Clear, Nondiscretionary Duty Under 28 U.S.C. § 1361 ...........5

B. None of Petitioner's Asserted Sources Requires the Review, Investigation, or Litigation Demanded ....................................................................................................6

C. Count II Cannot Supply Independent Jurisdiction or Circumvent Limits on Mandamus ....................................................................................................10

II. PETITIONER LACKS ARTICLE III STANDING FOR EACH CLAIM AND EACH FORM OF RELIEF REQUESTED ....................................................................................................11

A. Petitioner Lacks Associational Standing for Any Form of Relief Requested ....................................................................................................11

B. Organizational Standing Fails: The Petition Does Not Plausibly Allege Any Concrete and Particularized Injury to the Association Itself .........................13

III. COUNT III DOES NOT ESTABLISH AN ENTITLEMENT TO THE AFFIRMATIVE RELIEF REQUESTED ....................................................................................................14

IV. THE DECLARATORY JUDGMENT ACT DOES NOT PROVIDE AN INDEPENDENT BASIS FOR RELIEF OR JURISDICTION ........................................15

CONCLUSION ....................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ali v. Rumsfeld*,
649 F.3d 762 (D.C. Cir. 2011) .......... 15

*Am. Hosp. Ass'n v. Burwell*,
812 F.3d 183 (D.C. Cir. 2016) .......... 2

*Am. Whitewater v. FERC*,
125 F.4th 1139 (D.C. Cir. 2025) .......... 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 5

*Balance v. Peeples*,
Civil Action No. 10-0864 (HHK), 2010 WL 3069201 (D.D.C. Aug. 5, 2010) .......... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 5

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534 (1986) .......... 11

*Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*,
709 F.2d 1521 (D.C. Cir. 1983) .......... 5

*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004) .......... 5, 10

*Equal Rights Ctr. v. Post Props., Inc.*,
633 F.3d 1136 (D.C. Cir. 2011) .......... 14

*FDA v. All. for Hippocratic Med.*,
602 U.S. 367 (2024) .......... 13, 14

*Fischer v. United States*,
603 U.S. 480 (2024) .......... 2, 9, 10

*Food & Water Watch, Inc. v. Vilsack*,
808 F.3d 905 (D.C. Cir. 2015) .......... 14

*Gage v. U.S. Attorney Gen.*,
Civil Action No. 22-283 (RDM), 2022 WL 602451 (D.D.C. Feb. 28, 2022) .......... 3, 9

*Heckler v. Chaney*,
470 U.S. 821 (1985) .......... 7

*Heckler v. Ringer*,
466 U.S. 602 (1984) .......... 6

*Hunt v. Wash. State Apple Advert. Comm'n*,
432 U.S. 333 (1977) .......... 11

*I.C.C. v. Bhd. of Locomotive Eng'rs*,
482 U.S. 270 (1987) .......... 7

*Illinois v. Ferriero*,
60 F.4th 704 (D.C. Cir. 2023) .......... 2, 5, 6, 10

*In re Cheney*,
406 F.3d 723 (D.C. Cir. 2005) ... 1
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ... 5
*Lavoi v. U.S. Dep't of Justice*,
679 F. Supp. 2d 12 (D.D.C. 2010) ... 7
*Linda R.S. v. Richard D.*,
410 U.S. 614 (1973) ... 12
*Lovitky v. Trump*,
918 F.3d 160 (D.C. Cir. 2019) ... 15
*Lovitky v. Trump*,
949 F.3d 753 (D.C. Cir. 2020) ... 3, 6, 10, 15
*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ... 11
*Newman v. United States*,
382 F.2d 479 (D.C. Cir. 1967) ... 7
*Oladokun v. U.S. Dep't of Justice*,
No. 25-5167, 2026 WL 765645 (D.C. Cir. Mar. 18, 2026) ... 1
*Pa. Bureau of Corr. v. U.S. Marshals Serv.*,
474 U.S. 34 (1985) ... 10
*Patterson v. Harris*,
Civil Action No. 22-697 (RDM), 2022 WL 16758554 (D.D.C. Nov. 8, 2022) ... 3, 9, 15
*Powell v. Katzenbach*,
359 F.2d 234 (D.C. Cir. 1965) ... 1
*Pub. Emps. for Env't Responsibility v. Zeldin*,
174 F.4th 183 (D.C. Cir. 2026) ... 11, 13
*Ranchers-Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*,
573 F. Supp. 3d 324 (D.D.C. 2021) ... 5, 11, 12
*S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*,
483 U.S. 522 (1987) ... 4
*Shoshone-Bannock Tribes v. Reno*,
56 F.3d 1476 (D.C. Cir. 1995) ... 2, 6, 8
*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ... 12, 13
*Syngenta Crop Prot., Inc. v. Henson*,
537 U.S. 28 (2002) ... 2, 10
*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ... 2, 11
*United States v. Armstrong*,
517 U.S. 456 (1996) ... 15
*United States v. Fokker Servs. B.V.*,
818 F.3d 733 (D.C. Cir. 2016) ... 7
*United States v. Nixon*,
418 U.S. 683 (1974) ... 7
*Viasat, Inc. v. Fed. Commc'ns Comm'n*,
47 F.4th 769 (D.C. Cir. 2022) ... 13

<u>Statutes</u>


18 U.S.C. § 231(a)(3) .......... 4, 10
18 U.S.C. § 1512(c)(2) .......... 4, 9
28 U.S.C. § 530B .......... 2, 8
28 U.S.C. § 1331 .......... 3, 15
28 U.S.C. § 1361 .......... 1, 2, 4, 5, 6, 10
28 U.S.C. § 1651 .......... 2, 4, 10
28 U.S.C. § 2201 .......... 3
28 U.S.C. § 516 .......... 2, 7


<u>Rules</u>


Federal Rule of Civil Procedure 12(b)(1) .......... 2, 5, 16
Federal Rule of Civil Procedure 12(b)(6) .......... 5, 15, 16


<u>Regulations</u>


28 C.F.R. § 77.5 .......... 8

## INTRODUCTION

Mandamus cannot be used to control the Attorney General's discretionary law-enforcement and litigation decisions. *See Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam) (affirming dismissal of an action seeking to compel federal prosecution and explaining that "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion."); *Oladokun v. U.S. Dep't of Justice*, No. 25-5167, 2026 WL 765645, at *1 (D.C. Cir. Mar. 18, 2026) (per curiam) (affirming denial of a writ of mandamus seeking a Department of Justice investigation and stating that "[t]he district court correctly concluded that a government agency's decision to initiate an investigation is a discretionary one, and appellant has not shown that mandamus is appropriate to compel such a decision."). Petitioner, a self-described unincorporated association of unnamed "individuals prosecuted in connection with January 6, 2021," Pet. for Writ of Mandamus ("Pet.") ¶ 9 (ECF No. 2-1), nevertheless asks the Court to disregard this well-settled principle. It invokes the "drastic" remedy of mandamus, which "is available only in extraordinary situations" and is "hardly ever granted," *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc), to compel the Attorney General to review January 6 plea agreements, identify allegedly coerced pleas, initiate proceedings to "revoke and remedy plea agreements," and investigate federal prosecutors and "government informant and agent activity." Pet. ¶¶ 127-28 & Prayer for Relief (a)-(c). Petitioner also asks the Court to declare categories of guilty pleas "constitutionally infirm." *Id.* at Prayer for Relief (d). This action should be dismissed for the following reasons.

First, Counts I and II should be dismissed because the Petition does not plausibly allege facts to support the writs of mandamus. Count I invokes 28 U.S.C. § 1361, which requires Petitioner to demonstrate "1) a clear and indisputable right to the particular relief sought against

the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023). These "three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). None of Petitioner's asserted sources creates a clear and indisputable duty on the Attorney General to perform the requested acts: not the Fifth Amendment, not 28 U.S.C. §§ 516 and 530B, not the Department of Justice's ("Department" or "DOJ") internal prosecutorial policies, and not *Fischer v. United States*, 603 U.S. 480 (2024). That defeats Count I and requires dismissal pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), because "[t]he law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995). Count II's reliance on the All Writs Act does not cure that defect: 28 U.S.C. § 1651 neither independently confers jurisdiction nor creates a right to compel the Attorney General to undertake the requested actions in the Petition. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

Second, the Petition should be dismissed pursuant to Rule 12(b)(1) because Petitioner has not plausibly alleged Article III standing to support each claim and each request for relief, whether sought under Count I,[1] II, or III. Standing "is not dispensed in gross"; a plaintiff must demonstrate standing "for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). The Petition does not identify what standing theory Petitioner seeks to proceed under, but that does not matter: standing fails under either an "associational" or an "organizational" theory. The asserted injury is the "ongoing legal

[1] Because the mandamus requirements in Section 1361 are themselves jurisdictional, the Court may address Section 1361 statutory jurisdiction as to Count I before turning to Article III standing for Count I. *See Ferriero*, 60 F.4th at 714.

consequences of plea agreements" allegedly obtained through coercion. Pet. ¶ 16. But the requested relief in the Petition, even if the Court could order such relief (it cannot), would not redress the alleged injuries. Associational standing, which looks at whether the association's members have Article III standing, fails because a review, investigation, or report by the Attorney General leaves every plea in place. An order directing the Attorney General to "initiate" motions in criminal cases redresses nothing by itself, because only courts that entered those judgments can disturb them, and those courts are not before this Court. A declaration that unnamed categories of pleas are "constitutionally infirm" would alter no member's legal status. Organizational standing fails for a separate reason: the Petition does not allege a distinct injury to the association itself.

Third, Count III does not establish an entitlement to the affirmative relief requested. Although 28 U.S.C. § 1331 supplies jurisdiction over a properly presented constitutional claim, neither the First nor the Fifth Amendment requires the Attorney General to conduct the specific reviews, investigations, reports, or litigation demanded here. The Fifth Amendment claim is nothing more than a repackaged mandamus claim. *See Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) ("[A] request for an injunction based on the general federal question statute is essentially a request for a writ of mandamus in this context[.]"). This Court has twice dismissed materially similar demands that the Department investigate or prosecute. *See Patterson v. Harris*, Civil Action No. 22-697 (RDM), 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022); *Gage v. U.S. Attorney Gen.*, Civil Action No. 22-283 (RDM), 2022 WL 602451, at *1 (D.D.C. Feb. 28, 2022). Finally, the Declaratory Judgment Act, 28 U.S.C. § 2201, which is included in the Prayer for Relief, does not confer independent jurisdiction or create a cause of action. Moreover, Petitioner's request that the Court issue a civil declaration that guilty pleas entered in criminal cases are

"constitutionally infirm" would be a collateral attack on criminal judgments and an advisory opinion. The Declaratory Judgment Act does not authorize that.

## **BACKGROUND**

Petitioner describes itself as an unincorporated association whose members were prosecuted in connection with the events of January 6, 2021. *See* Pet. ¶ 9. It alleges that charging decisions, pretrial detention, venue, and sentencing consequences coerced individuals into entering guilty pleas. *See id.* ¶¶ 7, 27-32. The present injury for its members is described as the "ongoing legal consequences of plea agreements" allegedly procured through coercion. *Id.* ¶ 16.

The Petition asserts three counts. Count I seeks mandamus under 28 U.S.C. § 1361; Count II invokes the All Writs Act, 28 U.S.C. § 1651; and Count III alleges violations of the Fifth Amendment's Due Process Clause and its equal protection component, as well as First Amendment viewpoint discrimination. Pet. ¶¶ 127-29.[2] Petitioner requests four principal forms of relief. It asks the Court to direct the Attorney General to: (a) review January 6 plea agreements in which 18 U.S.C. § 231(a)(3) or § 1512(c)(2) was "charged or threatened"; (b) initiate "motions to vacate, withdrawal from plea agreements, or other available mechanisms" to "revoke and remedy" allegedly infirm pleas; and (c) conduct, or cause "an appropriate independent authority" to conduct, an investigation of the Department's January 6 prosecutorial decisions, "government informant and agent activity," and whether federal prosecutors themselves violated Section 1512(c)(2). *Id.* ¶¶ 127-28 & Prayer for Relief (a)-(c). Prayer (d) separately asks the Court to declare specified categories of plea agreements "constitutionally infirm and require review and remediation[.]"

[2] Count III also invokes the Fourteenth Amendment, but that Amendment does not apply to the federal government, which is the only respondent here. *See, e.g.*, *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987).

## STANDARD OF REVIEW

### I. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Rule 12(b)(1) motions challenge the Court's subject-matter jurisdiction, which Petitioner bears the burden of establishing. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This motion presents a facial challenge to the sufficiency of the Petition's jurisdictional allegations. In this context, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Petitioner's favor, while assessing whether those allegations plausibly demonstrate jurisdiction. *See Ranchers-Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*, 573 F. Supp. 3d 324, 332-33 (D.D.C. 2021).

### II. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Under Rule 12(b)(6), the Petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court need not accept legal conclusions or a formulaic recitation of a claim's elements. *See id.*; *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I. COUNTS I AND II DO NOT SUPPORT THE REQUESTED WRITS OF MANDAMUS.

#### A. Count I Requires a Clear, Nondiscretionary Duty Under 28 U.S.C. § 1361.

Section 1361 authorizes an action to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but the writ of mandamus is a "drastic and extraordinary" remedy. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). It is "an option of last resort," *Ferriero*, 60 F.4th at 714, available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of & for the Blind of Del. Cnty. Valley, Inc.*

*v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). Each requirement is jurisdictional under Section 1361, which means that if Petitioner fails to plausibly allege any one of them, the Court must dismiss for lack of statutory mandamus jurisdiction and need not decide the separate question of Article III standing for Count I. *See Ferriero*, 60 F.4th at 714. As explained below, there is no mandamus jurisdiction under Section 1361 because none of Petitioner's asserted sources for the requested relief imposes a clear and indisputable duty on the Attorney General to perform the requested acts.

**B. None of Petitioner's Asserted Sources Requires the Review, Investigation, or Litigation Demanded.**

"Mandamus jurisdiction under § 1361 merges with the merits," so that the clear-right and clear-duty requirements may be analyzed "concurrently." *Lovitky*, 949 F.3d at 759-60. The Court must examine the asserted source of the duty, not merely accept Petitioner's characterization of it as mandatory. *See id.* at 760 ("[I]n order to survive a motion to dismiss, Lovitky must have plausibly alleged that the Ethics Act, once interpreted, imposed a clear and indisputable duty on President Trump to differentiate personal from business liabilities."). Petitioner must show that the law requires the particular action demanded. *See Shoshone-Bannock Tribes*, 56 F.3d at 1480.

The Petition invokes five asserted sources of duty. *See* Pet. ¶¶ 16-19 & 127-29. None requires the particular reviews, investigations, reports, or litigation requested. Mandamus cannot be used to control the Attorney General's discretionary law-enforcement and litigation decisions, and the Petition does not plausibly allege nonconclusory facts, even when taken as true, that would establish an entitlement to the relief requested in Count I. Whether to review cases, whether to

investigate, and whether to file motions are all discretionary decisions of that kind. *See Lavoi v. U.S. Dep't of Justice*, 679 F. Supp. 2d 12, 14 (D.D.C. 2010) (dismissing a mandamus petition requesting "that the Court order the Department of Justice to initiate a broad investigation into [the plaintiff's] numerous claims of Hurricane Katrina-related fraud[,]" and stating that "[i]t is 'well-settled,' however, that a writ of mandamus cannot be issued to compel discretionary acts like an executive agency's decision to initiate an investigation."); *Balance v. Peeples*, Civil Action No. 10-0864 (HHK), 2010 WL 3069201, at *1 (D.D.C. Aug. 5, 2010) (dismissing a mandamus petition seeking to compel the Director and the Chief of the Criminal Investigative Division of the FBI "to investigate the criminal conspiracy described in his complaint," and concluding that "Petitioner cannot compel a criminal investigation by any law enforcement agency by means of a writ of mandamus.").[3]

First, 28 U.S.C. § 516, entitled "Conduct of litigation reserved to Department of Justice," assigns the conduct of federal litigation to Department officers under the Attorney General's direction, except as otherwise authorized by law.[4] It allocates authority; it does not direct how that

---

[3] *See also I.C.C. v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 283 (1987) ("[T]he refusal to prosecute cannot be the subject of judicial review."); *Heckler v. Chaney*, 470 U.S. 821, 832 (1985) ("[T]he decision of a prosecutor in the Executive Branch not to indict [is] a decision which has long been regarded as the special province of the Executive Branch[.]"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) ("The Executive's primacy in criminal charging decisions is long settled."); *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought.").

[4] Section 516 provides, in full: "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."

authority must be exercised, and it does not require the Attorney General to take the specific actions requested in the Petition. Authority to act is not a command to take a particular action. *See Shoshone-Bannock Tribes*, 56 F.3d at 1480.

Second, 28 U.S.C. § 530B is a professional conduct provision that subjects government attorneys to applicable "State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." 28 U.S.C. § 530B(a). Subsection (b) provides that the Attorney General "shall make and amend rules of the Department of Justice to assure compliance with this section," *id.* § 530B(b), but it does not require any of the investigations, reports, or litigation demanded here. The implementing regulation also disclaims privately enforceable rights under its principles and internal procedures. *See* 28 C.F.R. § 77.5 ("The principles set forth herein, and internal office procedures adopted pursuant hereto, are intended solely for the guidance of attorneys for the government. They are not intended to, do not, and may not be relied upon to create a right or benefit, substantive or procedural, enforceable at law by a party to litigation with the United States, including . . . plaintiffs or defendants in civil investigations or litigation[.]").

Third, the Principles of Federal Prosecution are internal DOJ guidance. They "are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States." Justice Manual § 9-27.150 ("Non-Litigability"), *available at* https://www.justice.gov/jm/jm-9-27000-principles-federal-prosecution#9-27.150. Petitioner identifies no provision requiring the specific reviews, investigations, reports, or litigation demanded in the Petition. Its reference to unspecified Department "regulations," Pet. ¶ 127, likewise identifies no such command.

Fourth, the Fifth Amendment does not impose the investigative or prosecution duties asserted here. This Court rejected a materially similar theory in *Patterson*, 2022 WL 16758554, at *1. There, the petitioner invoked the Fifth Amendment and a Department regulation to compel investigation and prosecution of alleged civil-rights violations. Neither authority imposed "any mandatory duty to investigate or prosecute all complaints of civil rights violations," *id.*, at *2, so the Court dismissed the mandamus petition *sua sponte*. In another case seeking mandamus relief from the Department, this Court *sua sponte* dismissed a petition that "ask[ed] the Court to compel the U.S. Attorney General to impanel a grand jury to investigate certain crimes," because the plaintiff could not show "that the Attorney General has a clear, nondiscretionary duty to take such an act." *Gage*, 2022 WL 602451, at *1 (dismissing for lack of subject-matter jurisdiction because the "decision whether and when to investigate a particular matter is quintessentially discretionary"). In the present case, Petitioner's invocation of the Fifth Amendment likewise identifies no requirement that the Attorney General conduct the specific reviews, investigations, reports, or litigation demanded.

Finally, Petitioner's reliance on the Supreme Court's decision in *Fischer* is misplaced. That decision construed 18 U.S.C. § 1512(c)(2) and held that to prove a violation of that provision "the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." 603 U.S. at 498. The Supreme Court vacated the judgment of the D.C. Circuit and remanded to "assess the sufficiency of Count Three of Fischer's indictment in light of our interpretation of Section 1512(c)(2)." *Id.* That is all *Fischer* did. It did not hold that every prior Section 1512(c)(2) charge was invalid or direct the Attorney General to review prior plea

agreements or investigate prosecutors or others. Nor can *Fischer* supply a duty concerning 18 U.S.C. § 231(a)(3), as *Fischer* did not construe Section 231(a)(3).

In short, the Petition fails to establish the statutory threshold requirements for mandamus jurisdiction under Section 1361, and thus the Court may dismiss Count I without reaching Article III standing as to that Count. *See Lovitky*, 949 F.3d at 759 (holding that district court lacked subject-matter jurisdiction because the plaintiff failed to establish Section 1361 mandamus requirements, and thus did not reach Article III standing question); *Ferriero*, 60 F.4th at 714 (in reviewing mandamus claim under Section 1361, the D.C. Circuit stated, "[w]here, as here, both standing and subject matter jurisdiction are at issue, we may inquire into either and, finding one lacking, dismiss the matter without reaching the other").

**C. Count II Cannot Supply Independent Jurisdiction or Circumvent Limits on Mandamus.**

Count II invokes the All Writs Act, 28 U.S.C. § 1651. *See* Pet. ¶ 128. That statute does not independently confer subject-matter jurisdiction, *see Syngenta Crop Prot.*, 537 U.S. at 33, so Section 1651 alone cannot sustain Count II.

The All Writs Act is also residual: "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Because Section 1361 specifically addresses actions to compel a federal officer to perform a duty, the All Writs Act cannot be used to evade Section 1361's requirements.

The Petition also fails to meet the standard for mandamus relief under Section 1651, which is governed by the same considerations as Section 1361. *See Cheney*, 542 U.S. at 380-81 (recognizing that a writ under Section 1651 requires that the right to the writ be "clear and

indisputable," and that the writ be "appropriate under the circumstances"). Count II thus similarly fails under the no-duty analysis in Part I.B.

## II. PETITIONER LACKS ARTICLE III STANDING FOR EACH CLAIM AND EACH FORM OF RELIEF REQUESTED.

Article III requires a concrete and particularized injury, fairly traceable to the challenged conduct, that is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Am. Whitewater v. FERC*, 125 F.4th 1139, 1150 (D.C. Cir. 2025). Petitioner bears the burden of demonstrating standing as to each claim and each form of relief sought. *TransUnion*, 594 U.S. at 431. On this facial challenge, the Court accepts well-pleaded facts and reasonable inferences in Petitioner's favor. *See Ranchers-Cattlemen*, 573 F. Supp. 3d at 332-33. Failure to establish standing means the Court lacks subject-matter jurisdiction and the claim must be dismissed. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

An organization may sue for injuries to itself or, if it satisfies the requirements for associational standing, on behalf of its members. *See Pub. Emps. for Env't Responsibility v. Zeldin*, 174 F.4th 183, 190-91 (D.C. Cir. 2026). Petitioner primarily alleges injuries to its members, but neither that theory nor a claim of injury to the association itself supports any form of relief demanded in the Petition.

### A. Petitioner Lacks Associational Standing for Any Form of Relief Requested.

An association has "standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Under this Court's decision in *Ranchers-Cattlemen*, an association need not identify an injured member by name in its complaint if its allegations

plausibly establish standing on a facial challenge. 573 F. Supp. 3d at 335-36. The standing defect identified here does not depend on member anonymity; rather, it concerns the lack of a connection between the alleged injury and each form of relief requested.

The Petition describes the asserted injury as the "ongoing legal consequences of plea agreements" allegedly procured through coercion. Pet. ¶ 16. Petitioner does not explain how the requested reviews, investigations, and reports would redress that injury, and "relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

A review of plea agreements, or an investigation of prosecutors or government informant and agent activity, followed by a report, would not itself eliminate the alleged legal consequences of a plea. The Petition supplies no factual basis for concluding that the requested reviews, investigations, or reports would likely change those consequences. To the extent the Petition seeks an investigation or prosecution of federal personnel, a private party "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

The request that the Attorney General be ordered to "initiate the legally appropriate procedures" to "revoke and remedy plea agreements," Pet. at Prayer for Relief (b), fares no better. The Court does not have authority to order the Attorney General to make any of those discretionary prosecutorial decisions, *see supra* note 3, so there is no plausible connection between the asserted injury and the requested relief.

The request for a declaration that categories of January 6 plea agreements are "constitutionally infirm and require review and remediation," Pet. at Prayer for Relief (d), fails for a similar reason. A declaration from this Court would not vacate any plea, bind any sentencing

court, or alter any member's legal status. The declaration requested by Petitioner would announce, in the abstract, that unidentified pleas entered by unidentified defendants in other cases were invalid. That is an advisory opinion, not redress. *Cf. Steel Co.*, 523 U.S. at 107.

Petitioner also has not plausibly alleged that it is the kind of "association" that may invoke associational standing in the first place. *See, e.g., Zeldin*, 174 F.4th at 192 (finding lack of associational standing when the organization did not explain whether its members "have the requisite roles, responsibilities, or influence over the organizations to alone satisfy the strictures of associational standing."). To "assert associational standing, an organization must have the indicia of a traditional membership association[,]" *Viasat, Inc. v. Fed. Commc'ns Comm'n*, 47 F.4th 769, 781 (D.C. Cir. 2022), which "turns on considerations such as whether members finance the organization, guide its activities, or select its leadership." *Id.* The Petition does not provide any details about the organization other than it is an "unincorporated association whose members are individuals prosecuted in connection with January 6, 2021[.]" Pet. ¶ 9. It does not say who its members are, how many there are, how they joined, or whether they finance, guide, or lead it. Associational standing fails with respect to all Counts.

### B. Organizational Standing Fails: The Petition Does Not Plausibly Allege Any Concrete and Particularized Injury to the Association Itself.

The Petition also fails to plausibly allege nonconclusory facts that would demonstrate Article III standing to support an "organizational" theory, which is when an organization "claim[s] that they suffered an injury in their own right." *Zeldin*, 174 F.4th at 190; *see also FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 393-94 (2024) (stating that organizations have standing "to sue on their own behalf for injuries they have sustained" so long as they "satisfy the usual standards for injury in fact, causation, and redressability that apply to individuals.").

An organization suing on its own behalf must satisfy the ordinary requirements of injury, causation, and redressability. *See Equal Rights Ctr. v. Post Props., Inc.*, 633 F.3d 1136, 1138 (D.C. Cir. 2011). Its opposition to governmental conduct, however strong, does not establish an injury to the organization itself. *See All. for Hippocratic Med.*, 602 U.S. at 394 ("Like an individual, an organization may not establish standing simply based on the intensity of the litigant's interest or because of strong opposition to the government's conduct, no matter how longstanding the interest and no matter how qualified the organization[.]"). Organizational standing is not established "simply because" the organization "object[s] to [the government's] actions," and it "must show far more than simply a setback to the organization's abstract social interests." *Id.*; *see also Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) ("An organization must allege more than a frustration of its purpose because frustration of an organization's objectives is the type of abstract concern that does not impart standing.").

Petitioner wants to change government policy that it disagrees with: "This lawsuit calls on the Department of Justice to make reforms that are long overdue." Pet. ¶ 8. But disagreement with government policy does not demonstrate organizational standing; that is the type of "strong opposition to the government's conduct" that is insufficient. *All. for Hippocratic Med.*, 602 U.S. at 394. Petitioner does not allege that the Government has interfered with its own operations, services, property, or other interests distinct from those of its members. Organizational standing, therefore, also is lacking as to all Counts.

## III. COUNT III DOES NOT ESTABLISH AN ENTITLEMENT TO THE AFFIRMATIVE RELIEF REQUESTED.

Count III alleges that earlier prosecutions and plea agreements violated due process, equal protection, and the First Amendment. Pet. ¶ 129. Those allegations do not identify a constitutional obligation on the Attorney General to undertake the particular reviews, investigations, reports, or

litigation demanded in Prayers (a)-(c) of the Petition. This Court's rejection of the asserted Fifth Amendment investigative duty in *Patterson* supports that point. Count III does not supply the missing obligation merely by adding constitutional labels to the same mandatory-action requests. Insofar as Count III seeks those affirmative commands, it is a mandamus claim under another name. *See Lovitky*, 949 F.3d at 759 (concluding that the petitioner "offered no support for his bare assertion that the federal question statute, 28 U.S.C. § 1331, provides for jurisdiction for the court to hear his lawsuit" and that "a request for an injunction based on the general federal question statute is essentially a request for a writ of mandamus in this context[.]").

To the extent Count III alleges selective prosecution, the asserted constitutional injury concerns discriminatory treatment of Petitioner's members. *See* Pet. ¶ 129. A selective prosecution claim belongs to the defendant who was prosecuted and is subject to a "demanding" standard. *See United States v. Armstrong*, 517 U.S. 456, 463 (1996). It is not a freestanding civil claim that an association may use to compel investigations and prosecutions. Count III thus fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6).

## IV. THE DECLARATORY JUDGMENT ACT DOES NOT PROVIDE AN INDEPENDENT BASIS FOR RELIEF OR JURISDICTION.

The Declaratory Judgment Act, which is invoked in the Prayer for Relief, does not provide an independent basis for relief or jurisdiction. *See Lovitky v. Trump*, 918 F.3d 160, 161 (D.C. Cir. 2019) (Declaratory Judgment Act "is not an independent source of federal jurisdiction."); *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("[T]he availability of declaratory relief presupposes the existence of a judicially remediable right."). Absent a cognizable cause of action, there is no basis for declaratory relief under the Declaratory Judgment Act. *See id.* Because there is no cognizable cause of action in the Petition, the Act supplies no

basis for the request that the Court declare that plea agreements in January 6 cases "are constitutionally infirm and require review and remediation[.]" Pet. at Prayer for Relief (d).

Prayer (d) also asks the Court to do something no civil action can accomplish. It seeks a declaration that guilty pleas entered in other cases, before other judges, "are constitutionally infirm." The Act does not create a parallel civil track for courts to issue advisory opinions that guilty pleas entered in criminal cases are invalid, and a declaration from this Court would bind none of the courts where those pleas were entered.

## CONCLUSION

For these reasons, the Court should dismiss this action in its entirety under Rules 12(b)(1) and 12(b)(6).

Dated: September 18, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Brett S. Covington*
BRETT S. COVINGTON
D.C. Bar #1003835
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-0888
Brett.Covington@usdoj.gov

*Attorney for Respondent*