**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

J6ERS WERE DESTROYED BY WEAPONIZATION,

Petitioner,

v.

DON R. BERTHIAUME, IN HIS OFFICIAL CAPACITY AS INSPECTOR GENERAL OF THE UNITED STATES DEPARTMENT OF JUSTICE,

Respondent.

Civil Action No. 26-2082 (RDM)

# RESPONDENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED PETITION

# TABLE OF CONTENTS


Page(s)

INTRODUCTION ..........1

BACKGROUND ..........2

STANDARD OF REVIEW ..........4

I. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) ..........4

II. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ..........4

ARGUMENT ..........4

I. THE AMENDED PETITION SHOULD BE DISMISSED FOR LACK OF STATUTORY MANDAMUS JURISDICTION UNDER 28 U.S.C. § 1361. ..........5

A. The Amended Petition Must Plausibly Allege a Clear, Nondiscretionary Duty Under 28 U.S.C. § 1361. ..........5

B. Petitioner Has Not Plausibly Alleged that Section 404(d) Imposes a Clear, Nondiscretionary Duty on the Department's Inspector General To Make the Requested Report to the Attorney General. ..........6

1. Section 404(d) Conditions the Duty To Report on the Inspector General's Discretionary Judgment. ..........7

2. Mandamus Is Not Available To Compel a Discretionary Decision To Investigate or To Prosecute. ..........8

3. The D.C. Circuit Has Rejected a Private Party's Claimed Right to an Investigation by the Department's Inspector General. ..........9

II. THE AMENDED PETITION SHOULD BE DISMISSED UNDER RULE 12(b)(1) FOR LACK OF ARTICLE III STANDING. ..........11

A. Petitioner Has Not Plausibly Alleged Associational Standing. ..........11

1. No Injury in Fact: Petitioner's Members Have No Judicially Cognizable Interest in the Investigation or Prosecution of Others. ..........12

2. The Alleged Injuries Are Not Fairly Traceable to the Inspector General. ..........14

3. The Requested Report Would Not Redress Any Alleged Injury. ..........15

4. The Requests for Costs and Other Relief Do Not Supply Standing. ..........16

B. Petitioner Has Not Plausibly Alleged Organizational Standing. ..........16

III. IN THE ALTERNATIVE, THE AMENDED PETITION SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE THE RELIEF REQUESTED IS NOT AVAILABLE UNDER 28 U.S.C. § 1361. ..........17

CONCLUSION ..........18

# TABLE OF AUTHORITIES

Page(s)

Cases

*Am. Hosp. Ass'n v. Burwell*,
812 F.3d 183 (D.C. Cir. 2016) ... 6, 10
*Am. Whitewater v. FERC*,
125 F.4th 1139 (D.C. Cir. 2025) ... 11, 14
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 4
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 4
*Bond v. U.S. Dep't of Just.*,
828 F. Supp. 2d 60 (D.D.C. 2011) ... 10, 17
*Cheney v. U.S. Dist. Ct. for D.C.*,
542 U.S. 367 (2004) ... 5
*Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*,
709 F.2d 1521 (D.C. Cir. 1983) ... 5
*FDA v. All. for Hippocratic Med.*,
602 U.S. 367 (2024) ... 16
*Food & Water Watch, Inc. v. Vilsack*,
808 F.3d 905 (D.C. Cir. 2015) ... 16
*Futch v. Fine*,
342 F. App'x 638 (D.C. Cir. 2009) ... 1, 9, 10, 17
*Futch v. Fine*,
Civ. A. No. 09-0420 (UNA), 2009 WL 565616 (D.D.C. Mar. 5, 2009) ... 10
*Gage v. U.S. Att'y Gen.*,
Civ. A. No. 22-283 (RDM), 2022 WL 602451 (D.D.C. Feb. 28, 2022) ... 1, 9
*Heckler v. Ringer*,
466 U.S. 602 (1984) ... 5
*Humane Soc'y of the U.S. v. Perdue*,
935 F.3d 598 (D.C. Cir. 2019) ... 14
*Hunt v. Wash. State Apple Advert. Comm'n*,
432 U.S. 333 (1977) ... 12
*Illinois v. Ferriero*,
60 F.4th 704 (D.C. Cir. 2023) ... 5, 9, 10
*In re Cheney*,
406 F.3d 723 (D.C. Cir. 2005) ... 6
*Kentucky v. Graham*,
473 U.S. 159 (1985) ... 3
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ... 4
*Leeke v. Timmerman*,
454 U.S. 83 (1981) ... 13, 15

*Linda R.S. v. Richard D.*,
410 U.S. 614 (1973) .......... 13
*Lovitky v. Trump*,
949 F.3d 753 (D.C. Cir. 2020) .......... 6, 7, 10, 11
*Lovoi v. U.S. Dep't of Just.*,
679 F. Supp. 2d 12 (D.D.C. 2010) .......... 8
*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......... 11, 15
*Newdow v. Roberts*,
603 F.3d 1002 (D.C. Cir. 2010) .......... 16
*Norton v. S. Utah Wilderness All.*,
542 U.S. 55 (2004) .......... 6
*Oladokun v. U.S. Dep't of Just.*,
No. 25-5167, 2026 WL 765645 (D.C. Cir. Mar. 18, 2026) .......... 1, 8, 10
*Patterson v. Harris*,
Civ. A. No. 22-697 (RDM), 2022 WL 16758554 (D.D.C. Nov. 8, 2022) .......... 2, 9
*Powell v. Katzenbach*,
359 F.2d 234 (D.C. Cir. 1965) .......... 1, 8, 15
*Pub. Emps. for Env't Resp. v. Zeldin*,
174 F.4th 183 (D.C. Cir. 2026) .......... 11, 12, 16
*Ranchers-Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*,
573 F. Supp. 3d 324 (D.D.C. 2021) .......... passim
*Sai v. Dep't of Homeland Sec.*,
149 F. Supp. 3d 99 (D.D.C. 2015) .......... 3
*Sargeant v. Dixon*,
130 F.3d 1067 (D.C. Cir. 1997) .......... 13, 14
*Shoshone-Bannock Tribes v. Reno*,
56 F.3d 1476 (D.C. Cir. 1995) .......... 6
*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) .......... 16
*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 11
*United States v. Texas*,
599 U.S. 670 (2023) .......... 13
*Viasat, Inc. v. FCC*,
47 F.4th 769 (D.C. Cir. 2022) .......... 12

Statutes

5 U.S.C. § 404(d) .......... 3, 4, 7
5 U.S.C. § 406(a)(2) .......... 8
18 U.S.C. § 1512 .......... 1, 3, 7, 8
18 U.S.C. § 3332 .......... 13
28 U.S.C. § 1361 .......... passim
28 U.S.C. § 1651 .......... 2
28 U.S.C. § 2201 .......... 2
28 U.S.C. § 1331 .......... 3, 10

## INTRODUCTION

This is the second time that Petitioner has sought a writ of mandamus in this case to obtain an investigation of federal prosecutors. But the extraordinary remedy of mandamus cannot be used to control the Department of Justice's ("Department") discretionary law-enforcement and litigation decisions. *See Oladokun v. U.S. Dep't of Just.*, No. 25-5167, 2026 WL 765645, at *1 (D.C. Cir. Mar. 18, 2026) (per curiam) (affirming denial of a writ of mandamus to compel a Department investigation because "a government agency's decision to initiate an investigation is a discretionary one"); *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam) (affirming dismissal of "an action in the nature of mandamus against the Attorney General" brought "to force prosecution" of third parties, because "[m]andamus will not lie to control the exercise of this discretion").

The First Amended Petition ("Amended Petition"), ECF No. 14, names a different respondent than the original petition did—now the Department's Inspector General instead of the Attorney General—but it suffers from the same fatal defects. It still seeks a criminal investigation of federal prosecutors, which no private party may compel. The writ it requests would direct the Inspector General to "refer" those prosecutors to the Attorney General "for criminal investigation under 18 U.S.C. § 1512." Am. Pet. at Prayer for Relief (a). The D.C. Circuit has already rejected a private party's claimed right to an investigation by the Department's Inspector General, the same official whom Petitioner now seeks to compel. *See Futch v. Fine*, 342 F. App'x 638, 639 (D.C. Cir. 2009) (per curiam) (affirming dismissal of a complaint "to the extent appellant alleged a due process right to an investigation conducted by a federal inspector general"). This Court has also twice dismissed actions that sought to compel the Department to initiate investigations or prosecutions. *See Gage v. U.S. Att'y Gen.*, Civ. A. No. 22-283 (RDM), 2022 WL 602451, at *1

(D.D.C. Feb. 28, 2022); *Patterson v. Harris*, Civ. A. No. 22-697 (RDM), 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022). This case should end the same way: for lack of jurisdiction.

## BACKGROUND

On June 11, 2026, Petitioner filed the original petition for a writ of mandamus, which it corrected on June 15, 2026 ("Petition"),[1] ECF No. 2-1, requesting that the Court order the Attorney General to review plea agreements in criminal cases arising from the events at the United States Capitol on January 6, 2021; to initiate procedures to "revoke and remedy" those plea agreements; and to conduct "a formal investigation into the prosecutorial tactics" used in those cases. Pet. at Prayer for Relief (a)-(c). Petitioner requested that the investigation include, among other subjects, "whether federal prosecutors . . . themselves violated 18 U.S.C. § 1512(c)(2)." *Id.* at Prayer for Relief (c)(vi).

On September 18, 2026, the Department moved to dismiss the Petition, ECF No. 12, arguing that Counts I (writ of mandamus under 28 U.S.C. § 1361) and II (writ under the All Writs Act, 28 U.S.C. § 1651) did not satisfy the requirements for mandamus relief under either statute; that Petitioner lacked Article III standing for each claim and each form of relief requested; that Count III (asserting constitutional claims) failed to state a claim upon which relief can be granted; and that the Declaratory Judgment Act, 28 U.S.C. § 2201, provided no independent basis for jurisdiction or relief. *See* Respondent's Mem. of Points & Authorities in Support of Mot. to Dismiss the Pet., ECF No. 12-1 at 5-16.

On October 19, 2026, Petitioner responded to the motion to dismiss by filing the Amended Petition. ECF No. 14. On October 20, 2026, the Court denied the motion to dismiss as moot in

---

[1] After the original Petition was filed, ECF No. 1, Petitioner filed a "Notice of Errata," ECF No. 2, which attached "the corrected Complaint that includes the address of the parties in the caption." Any reference to the original Petition shall be to ECF No. 2-1, not ECF No. 1.

light of the Amended Petition, without reaching the merits. *See* Oct. 20, 2026 Minute Order. The Court later granted a consent motion for an extension of time, ECF No. 15, so that the response to the Amended Petition is due on or before November 13, 2026. *See* Oct. 28, 2026 Minute Order.

Petitioner describes itself as an "unincorporated association" and "an online community of approximately 50 to 100 members." Am. Pet. ¶ 12. It describes its members as "the victims of the federal crimes described in this petition," including persons who were "coerced into plea agreements under the threat of" charges, "pretrial detention," "an unfair trial in the District of Columbia," and "unprecedented prison sentences." *Id.* ¶¶ 14, 19.

The sole respondent named in the Amended Petition is Don R. Berthiaume, sued in his official capacity as the Department's Inspector General. Am. Pet. ¶ 20.[2] Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 1361. *Id.* ¶ 23. It asserts a single count for a writ of mandamus under Section 1361 and seeks "a single form of relief," *id.* ¶ 10: a writ directing the Inspector General "to perform his duty under 5 U.S.C. § 404(d) and refer to the Attorney General of the United States, for criminal investigation under 18 U.S.C. § 1512, all federal prosecutors who coerced January 6 defendants into falsely pleading guilty and thereby testifying falsely against themselves at their plea hearings." *Id.* at Prayer for Relief (a). Petitioner also requests costs and "such other and further relief as this Court deems just and proper." *Id.* at Prayer for Relief (b)-(c). Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Respondent now moves to dismiss the Amended Petition.

[2] The respondent named in the Petition was the Attorney General, sued "solely in his official capacity." Pet. ¶ 10. The respondent named in the Amended Petition is the Department's Inspector General, likewise sued "solely in his official capacity." Am. Pet. ¶ 20. To the extent any individual is sued in the individual's official capacity, the "'suit is, in all respects other than name, to be treated as a suit against the [agency]' rather than the named defendant." *Sai v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 123 (D.D.C. 2015) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

## STANDARD OF REVIEW

### I. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Rule 12(b)(1) motions to dismiss challenge the Court's subject-matter jurisdiction, which Petitioner bears the burden of establishing. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This motion presents a facial challenge to the sufficiency of the Amended Petition's jurisdictional allegations. In this context, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Petitioner's favor, while assessing whether those allegations plausibly demonstrate jurisdiction. *See Ranchers-Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*, 573 F. Supp. 3d 324, 332-33 (D.D.C. 2021) (Moss, J.).

### II. DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the Amended Petition must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the Court need not accept legal conclusions or a formulaic recitation of a claim's elements. *See id.*; *Twombly*, 550 U.S. at 555.

## ARGUMENT

The Amended Petition should be dismissed for three reasons. First, the Amended Petition should be dismissed pursuant to Rule 12(b)(1) because it does not plausibly allege facts to support the statutory jurisdictional requirements for a writ of mandamus under 28 U.S.C. § 1361. Petitioner has not plausibly alleged that 5 U.S.C. § 404(d), once interpreted, imposes a clear and indisputable duty on the Department's Inspector General to make the requested report to the Attorney General, or that any such duty is owed to Petitioner.

Second, the Amended Petition should be dismissed pursuant to Rule 12(b)(1) because Petitioner has not plausibly alleged Article III standing to support its claim for a writ of mandamus or any form of relief that it requests.[3] Petitioner's members have no judicially cognizable interest in the investigation or prosecution of others, so there is no injury in fact, and the harms that Petitioner alleges are neither fairly traceable to the Inspector General nor redressable by the requested writ.

Third, and in the alternative, the Amended Petition should be dismissed pursuant to Rule 12(b)(6) because the relief requested is not available under 28 U.S.C. § 1361.

## I. THE AMENDED PETITION SHOULD BE DISMISSED FOR LACK OF STATUTORY MANDAMUS JURISDICTION UNDER 28 U.S.C. § 1361.

### A. The Amended Petition Must Plausibly Allege a Clear, Nondiscretionary Duty Under 28 U.S.C. § 1361.

Section 1361 authorizes an action to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, but the writ of mandamus is a "drastic and extraordinary" remedy. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citation omitted). It is "an option of last resort," *Ferriero*, 60 F.4th at 714 (citation omitted), available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Council of & for the Blind of Del. Cnty. Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a

---

[3] The mandamus requirements in Section 1361 are themselves jurisdictional, so the Court may address Section 1361 statutory jurisdiction before Article III standing. *See Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023).

clear nondiscretionary duty."). Each requirement is jurisdictional under Section 1361, so that if Petitioner fails to plausibly allege any one of them, the Court must dismiss for lack of statutory mandamus jurisdiction. *See Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

The mandamus remedy has been "normally limited to enforcement of 'a specific, unequivocal command,'" that is, "the ordering of a 'precise, definite act . . . about which [an official] had no discretion whatever.'" *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (citations omitted). As the D.C. Circuit has stated, "[t]he law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (internal quotation marks and citation omitted) (affirming dismissal for lack of jurisdiction of Indian tribes' suit to compel the Attorney General to file water-rights claims on their behalf). When the asserted duty rests on a statute, the district court "must interpret the underlying statute," and "[i]f there is no clear and compelling duty under the statute as interpreted, the district court must dismiss the action." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc). To that extent, "mandamus jurisdiction under § 1361 merges with the merits." *Id.*

### B. Petitioner Has Not Plausibly Alleged that Section 404(d) Imposes a Clear, Nondiscretionary Duty on the Department's Inspector General To Make the Requested Report to the Attorney General.

To survive the Rule 12(b)(1) motion to dismiss, Petitioner must plausibly allege that Section 404(d), once interpreted, imposes a clear and indisputable duty on the Department's Inspector General to make the requested report to the Attorney General. *See Lovitky v. Trump*, 949 F.3d 753, 760 (D.C. Cir. 2020) (affirming dismissal for lack of jurisdiction and explaining that, "in order to survive a motion to dismiss, Lovitky must have plausibly alleged that the Ethics Act, once interpreted, imposed a clear and indisputable duty on President Trump to differentiate

personal from business liabilities”). That is Petitioner’s burden. *See id.* at 759-60 (stating that the “party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable” (internal quotation marks omitted)). As explained below, Petitioner has not plausibly alleged that Section 404(d), once interpreted, imposes such a clear and indisputable duty on the Inspector General.

**1. Section 404(d) Conditions the Duty To Report on the Inspector General’s Discretionary Judgment.**

The Amended Petition rests upon a single source for the duty that it seeks to enforce against the Department’s Inspector General: 5 U.S.C. § 404(d), a provision of the Inspector General Act of 1978. Am. Pet. ¶ 178. Section 404(d) provides, in full: “In carrying out the duties and responsibilities established under this chapter, each Inspector General shall report expeditiously to the Attorney General whenever the Inspector General has reasonable grounds to believe there has been a violation of Federal criminal law.” 5 U.S.C. § 404(d). Petitioner alleges that the Inspector General “has reasonable grounds to believe that federal prosecutors and agents violated 18 U.S.C. § 1512 in the January 6 prosecutions,” based on sources that it describes as “public, official, or both.” Am. Pet. ¶ 171. Its central theory is that, because those alleged grounds are “this numerous, this public, and this obvious,” the Inspector General’s “discretion collapses into duty.” *Id.* ¶ 9; *see also id.* ¶¶ 30, 180.

But the judgment at issue belongs to the Inspector General. By its terms, Section 404(d) conditions the duty to report on that judgment: the duty arises only “whenever the Inspector General has reasonable grounds to believe” that a federal crime has been committed. 5 U.S.C. § 404(d). Whether the information available to the Inspector General amounts to reasonable grounds is for the Inspector General to decide. Petitioner describes that question as a “judgment” that the statute “leaves to the Inspector General.” Am. Pet. ¶ 29; *see also id.* ¶ 180

(referring to "the Inspector General's judgment under § 404(d)"). Respondent agrees, which is why the requirements for a writ of mandamus under Section 1361 cannot be satisfied.

The Inspector General Act likewise leaves to each Inspector General the decision what to investigate. *See* 5 U.S.C. § 406(a)(2) (authorizing investigations that are, "in the judgment of the Inspector General, necessary or desirable"). Section 404(d) does not require the Inspector General to open an inquiry, or to reach a conclusion, at the instance of a member of the public. The words on which Petitioner relies, "shall," "expeditiously," and "whenever," Am. Pet. ¶ 26, govern what the Inspector General does *after* he concludes in the exercise of his judgment that reasonable grounds exist. They do not govern the discretionary judgment that comes first.

**2. Mandamus Is Not Available To Compel a Discretionary Decision To Investigate or To Prosecute.**

While the Amended Petition asserts that it "does not ask the Court to compel a prosecution or an investigation," and that Petitioner "asks only that the Inspector General take the single, discrete, ministerial step that Congress commanded: the report," Am. Pet. ¶ 28, the Prayer for Relief is not so limited. It seeks to dictate what the Inspector General must tell the Attorney General: that federal prosecutors should be the subject of a "criminal investigation under 18 U.S.C. § 1512[.]" *Id.* at Prayer for Relief (a).

Whether federal prosecutors should be the subject of a criminal investigation is a discretionary law-enforcement decision, and mandamus is not available to compel a discretionary decision to investigate or to prosecute. *See Oladokun*, 2026 WL 765645, at *1 (stating that "a government agency's decision to initiate an investigation is a discretionary one, and appellant has not shown that mandamus is appropriate to compel such a decision"); *Powell*, 359 F.2d at 234 ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."); *Lovoi v. U.S. Dep't of Just.*, 679 F. Supp. 2d 12, 14

(D.D.C. 2010) (dismissing a request for a court-ordered Department investigation because "a writ of mandamus cannot be issued to compel discretionary acts like an executive agency's decision to initiate an investigation").

This Court has reached the same conclusion twice. *See Gage*, 2022 WL 602451, at *1 (dismissing a complaint that "ask[ed] the Court to compel the U.S. Attorney General to impanel a grand jury to investigate certain crimes" that the plaintiff claimed were committed against him and his family, because the "decision whether and when to investigate a particular matter is quintessentially discretionary"); *Patterson*, 2022 WL 16758554, at *1-2 (dismissing a mandamus petition that sought to compel an Assistant Attorney General to investigate and prosecute alleged civil rights violations, because neither the Fifth Amendment nor a Department regulation imposed "any mandatory duty to investigate or prosecute all complaints of civil rights violations").

### 3. The D.C. Circuit Has Rejected a Private Party's Claimed Right to an Investigation by the Department's Inspector General.

Section 1361 also requires that the petitioner show "a clear and indisputable right to the particular relief sought against the federal official." *Ferriero*, 60 F.4th at 713. The statute reaches only "a duty owed to the plaintiff." 28 U.S.C. § 1361. Petitioner has not plausibly alleged that Section 404(d) imposes a duty owed to Petitioner or its members. The report for which Section 404(d) provides runs from one Executive Branch officer to another. The provision does not direct a report to, or at the request of, a complainant or an alleged victim of a crime.

The D.C. Circuit has rejected a private party's claimed right to an investigation by the Department's Inspector General, the same official whom Petitioner now seeks to compel. *See Futch*, 342 F. App'x at 639 (affirming dismissal of a complaint against the Department's Inspector General "to the extent appellant alleged a due process right to an investigation conducted

by a federal inspector general"). Petitioner's claimed right to a report by the same official fares no better.

In *Bond v. U.S. Department of Justice*, 828 F. Supp. 2d 60 (D.D.C. 2011), the district court applied the same principles to a request for an investigation by the Department or its Inspector General. The court treated that request as "in effect, a request for a writ of mandamus." *Id.* at 74-75. It explained that "[t]he decision to investigate any particular referral lies, by definition, within the discretion of any Inspector General or prosecutor, and 'a writ of mandamus is not available to compel discretionary acts.'" *Id.* at 75 (citation omitted). The court also concluded that, "[i]nsofar as Bond seeks to compel investigations of the DOJ (i.e. by the department's Inspector General), his claim cannot withstand a motion to dismiss as this Court has established that '[t]here is . . . no such thing as a due process right to an investigation by the Department of Justice's Inspector General.'" *Id.* (quoting *Futch v. Fine*, Civ. A. No. 09-0420 (UNA), 2009 WL 565616, at *1 (D.D.C. Mar. 5, 2009), *aff'd*, 342 F. App'x 638 (D.C. Cir. 2009)).

For these reasons, Petitioner has not plausibly alleged that the Inspector General has a clear duty to act or that Petitioner has a clear right to the requested relief. Mandamus is not available to compel a discretionary decision to investigate or to prosecute, *see*, *e.g.*, *Oladokun*, 2026 WL 765645, at *1, and the D.C. Circuit has rejected a private party's claimed right to an investigation by the Department's Inspector General, *see Futch*, 342 F. App'x at 639. The Court therefore should dismiss this action for lack of statutory mandamus jurisdiction, *see Am. Hosp. Ass'n*, 812 F.3d at 189, and it may do so without reaching the question of Article III standing, *see Lovitky*, 949 F.3d at 758; *Ferriero*, 60 F.4th at 714.

The Amended Petition's invocation of 28 U.S.C. § 1331, Am. Pet. ¶ 23, does not change that result. A request to compel official action under the general federal-question statute "is

essentially a request for a writ of mandamus in this context," *Lovitky*, 949 F.3d at 759 (internal quotation marks and citation omitted), and fails for the same reasons.

## II. THE AMENDED PETITION SHOULD BE DISMISSED UNDER RULE 12(b)(1) FOR LACK OF ARTICLE III STANDING.

Article III requires a concrete and particularized injury, fairly traceable to the challenged conduct, that is likely to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Am. Whitewater v. FERC*, 125 F.4th 1139, 1150 (D.C. Cir. 2025). To survive a motion to dismiss, Petitioner "must plausibly allege" each of those elements. *Ranchers-Cattlemen*, 573 F. Supp. 3d at 332. Petitioner bears that burden as to each claim and each form of relief sought. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Because a defect of standing is a defect in subject-matter jurisdiction, a claim for which standing is not plausibly alleged must be dismissed under Rule 12(b)(1). *See Ranchers-Cattlemen*, 573 F. Supp. 3d at 332.

An association may establish standing in one of two ways: it may sue on behalf of its members ("associational standing"), or it may sue on its own behalf ("organizational standing"). *See Ranchers-Cattlemen*, 573 F. Supp. 3d at 333; *Pub. Emps. for Env't Resp. v. Zeldin*, 174 F.4th 183, 190-91 (D.C. Cir. 2026). The Amended Petition asserts one claim, and its Prayer for Relief contains three requests: the writ of mandamus, costs, and "such other and further relief as this Court deems just and proper." Am. Pet. at Prayer for Relief (a)-(c). Petitioner appears to rely on associational standing. *See id.* ¶ 19. As explained below, Petitioner has not plausibly alleged standing under either theory.

### A. Petitioner Has Not Plausibly Alleged Associational Standing.

An association has "standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested

requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Under this Court's decision in *Ranchers-Cattlemen*, an association need not identify an injured member by name in its complaint if its allegations plausibly establish standing on a facial challenge. 573 F. Supp. 3d at 335-36. Petitioner asserts that the government "wants the J6ers to identify themselves and lay out their organization." Am. Pet. ¶ 18. Respondent does not seek the name of any member, and the standing defect does not depend on member anonymity.

Petitioner's description of itself also raises a threshold question about how the association is organized, as distinct from who its members are. An organization asserting associational standing must have "the 'indicia of a traditional membership association.'" *Viasat, Inc. v. FCC*, 47 F.4th 769, 781 (D.C. Cir. 2022) (citation omitted). That inquiry "turns on considerations such as whether members finance the organization, guide its activities, or select its leadership." *Id.*; *see also Zeldin*, 174 F.4th at 192. The Amended Petition describes Petitioner as an "online community" that "charges no dues" and whose members "join and leave as they see fit," and Petitioner states that it "will not disclose" how "its leadership is chosen" or how "its activities are directed." Am. Pet. ¶¶ 12, 17. It is Petitioner's burden to plausibly allege the indicia of membership, and a refusal to describe them does not carry that burden. The Court need not resolve that question, however. The defect lies in the first *Hunt* requirement: no member, whoever he or she may be, would individually have standing to seek the relief requested.

**1. No Injury in Fact: Petitioner's Members Have No Judicially Cognizable Interest in the Investigation or Prosecution of Others.**

Petitioner describes its members as "the victims of the federal crimes described in this petition." Am. Pet. ¶ 19. It asserts that those members have an "interest in the Inspector General's performance of his statutory reporting duty," *id.*, and alleges that the writ "would redress the

members' injury by placing the alleged crimes against them before the Attorney General, the only official with authority to investigate and prosecute them[.]" *Id.* ¶ 184. On those allegations, the interest that the writ would serve is an interest in having other people investigated and prosecuted.

Article III does not recognize that as a cognizable interest. To establish an injury in fact, Petitioner must plausibly allege an "invasion of a legally protected interest," *Ranchers-Cattlemen*, 573 F. Supp. 3d at 332 (citation omitted), and "the alleged injury must be legally and judicially cognizable," *United States v. Texas*, 599 U.S. 670, 676 (2023) (citation omitted). In *Linda R.S. v. Richard D.*, the Supreme Court explained that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." 410 U.S. 614, 619 (1973). That "Article III standing principle remains the law today." *Texas*, 599 U.S. at 677. It applies even to persons who allege that they are the victims of the conduct they want prosecuted. *See Linda R.S.*, 410 U.S. at 615-16, 619 (holding that a mother lacked standing to challenge a prosecutor's refusal to prosecute her child's father for failing to pay child support); *Leeke v. Timmerman*, 454 U.S. 83, 84-87 (1981) (per curiam) (holding that inmates who alleged that prison guards had beaten them lacked standing to challenge state officials' opposition to the issuance of arrest warrants against the guards).

The D.C. Circuit applied these principles to a mandamus action in *Sargeant v. Dixon*, where two convicted felons claimed to have information about alleged crimes committed by federal officials, including "a conspiracy to present false evidence" at one plaintiff's own trial and "a conspiracy wrongfully to prosecute several other individuals." 130 F.3d 1067, 1068-69 (D.C. Cir. 1997). They sought writs of mandamus to compel United States Attorneys to present that information to a grand jury under 18 U.S.C. § 3332, which provides that a United States Attorney "shall" present to the grand jury information provided by "any person." *Sargeant*, 130

F.3d at 1069. The D.C. Circuit affirmed the dismissal of those claims, holding that the plaintiffs lacked standing because the asserted interests "in the prosecution of government officials and in seeing that the laws are enforced" were "not legally cognizable within the framework of Article III." *Id.* The D.C. Circuit also rejected the argument that a plaintiff had a cognizable interest merely in "being heard" by the grand jury, reasoning that being heard is not "an end in itself but only a means to some other end," and that a person who seeks it can have only "an ulterior interest in seeing certain persons prosecuted." *Id.* at 1070.

The same reasoning applies here. The *Sargeant* plaintiffs sought to place information before a grand jury. Petitioner seeks to place information before the Attorney General, who would then decide whether to investigate and whether to prosecute. *See* Am. Pet. ¶ 28. The report that Petitioner seeks is no more "an end in itself" than a presentation to a grand jury, and Petitioner stands no closer to a concrete interest than the plaintiffs in *Sargeant* did. Nor does an interest in seeing a statute enforced support an injury in fact. As this Court has recognized, "[a]n 'interest in the proper administration of the laws' is canonically 'nonconcrete.'" *Ranchers-Cattlemen*, 573 F. Supp. 3d at 338 (quoting *Humane Soc'y of the U.S. v. Perdue*, 935 F.3d 598, 604 (D.C. Cir. 2019)).

**2. The Alleged Injuries Are Not Fairly Traceable to the Inspector General.**

To support Article III standing, the alleged injury must also be fairly traceable to the defendant's challenged action. *Am. Whitewater*, 125 F.4th at 1150. Apart from an interest in the investigation and prosecution of others, the harm that the Amended Petition describes is that Petitioner's members were "coerced into plea agreements under the threat of" charges, "pretrial detention," "an unfair trial in the District of Columbia," and "unprecedented prison sentences." Am. Pet. ¶ 14. Petitioner attributes that alleged harm to "tactics employed by DOJ to frighten,

intimidate, and coerce J6ers into accepting plea deals," *id.*, and to "federal prosecutors and agents" who are not before the Court, *id.* ¶ 179.

The only conduct of the Inspector General that Petitioner challenges is the alleged absence of a report to the Attorney General, Am. Pet. ¶¶ 174, 181, but by Petitioner's own account the alleged harms arose earlier, in its members' criminal cases, and from the alleged conduct of prosecutors. An injury that results from "the independent action of some third party not before the court" is not fairly traceable to the defendant. *Lujan*, 504 U.S. at 560 (citation omitted).

**3. The Requested Report Would Not Redress Any Alleged Injury.**

To support Article III standing, Petitioner must also plausibly allege that the alleged injury is "likely" to be "redressed by a favorable decision." *Ranchers-Cattlemen*, 573 F. Supp. 3d at 332 (citations omitted). Petitioner's own allegations show that the requested report would not redress any alleged injury.

Petitioner states that, after any report by the Department's Inspector General to the Attorney General, "every decision about whether to investigate and whether to prosecute remains with the Attorney General." Am. Pet. ¶ 28. In holding that the inmates in *Leeke* lacked standing, the Supreme Court explained that there was "no guarantee that issuance of the arrest warrant would remedy claimed past misconduct of guards," that the warrant was "simply a prelude to actual prosecution," and that the inmates had conceded that "the decision to prosecute is solely within the discretion of the prosecutor." 454 U.S. at 86-87. Petitioner likewise seeks the report as a step toward a criminal investigation. *See* Am. Pet. ¶ 184. But a report would not remedy the past harms that Petitioner alleges, and a writ directed to the Inspector General would not require the Attorney General to act on that report. Nor could the Court order the Attorney General to initiate investigations or prosecutions. *See Powell*, 359 F.2d at 234. When "[t]he only apparent avenue

of redress" is relief that a court cannot grant, the plaintiff lacks Article III standing. *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010).

**4. The Requests for Costs and Other Relief Do Not Supply Standing.**

Petitioner also requests costs and "such other and further relief as this Court deems just and proper." Am. Pet. at Prayer for Relief (b)-(c). A plaintiff "cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). Petitioner therefore has not plausibly alleged associational standing for any form of relief requested.

**B. Petitioner Has Not Plausibly Alleged Organizational Standing.**

Organizational standing is also unavailable. That theory applies when an organization claims an injury in its own right, *see Zeldin*, 174 F.4th at 190, and it requires the organization to "satisfy the usual standards for injury in fact, causation, and redressability that apply to individuals," *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 393-94 (2024). An organization must show "far more than simply a setback to the organization's abstract social interests." *Id.* (citation omitted). It "may not establish standing simply based on the 'intensity of the litigant's interest' or because of strong opposition to the government's conduct." *Id.* (citation omitted). The D.C. Circuit has explained that "[a]n organization must allege more than a frustration of its purpose because frustration of an organization's objectives 'is the type of abstract concern that does not impart standing.'" *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015) (citation omitted).

Petitioner asserts only that kind of abstract interest on its own behalf. It describes its purpose as "to expose and remedy the weaponization of the justice system against J6ers," Am. Pet. ¶ 19, and states that the Amended Petition "calls on the Department of Justice to make

reforms that are long overdue," *id.* ¶ 11. Those are an organization's objectives. In this Circuit, organizations "that merely allege that their mission has been compromised" do not have standing. *Ranchers-Cattlemen*, 573 F. Supp. 3d at 342 (citation omitted). Moreover, an interest in the investigation or prosecution of others is no more cognizable when asserted by an association than when asserted by its members. Petitioner therefore has not plausibly alleged organizational standing for the requested writ, and its requests for costs and other relief do not supply standing for the reasons given above. *See supra* Argument Part II.A.4.

## III. IN THE ALTERNATIVE, THE AMENDED PETITION SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE THE RELIEF REQUESTED IS NOT AVAILABLE UNDER 28 U.S.C. § 1361.

In the alternative, the single count in the Amended Petition should be dismissed under Rule 12(b)(6), because the relief requested is not available under Section 1361. That statute authorizes an order compelling a federal officer only "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. For the reasons given earlier, *see supra* Argument Part I, the Court could not plausibly infer from the factual allegations that the Inspector General has a clear and indisputable duty to make the report requested in the Amended Petition, or that any such duty is owed to Petitioner. *See Bond*, 828 F. Supp. 2d at 75 (concluding that a plaintiff who sought to compel an investigation by the Department or its Inspector General had "failed to state a claim against federal defendants for injunctive or mandamus relief"); *Futch*, 342 F. App'x at 639 (affirming dismissal "for failure to state a claim" of an asserted due process right "to an investigation conducted by a federal inspector general").

## CONCLUSION

For these reasons, the Court should dismiss this action in its entirety under Rule 12(b)(1) or, in the alternative, under Rule 12(b)(6).

Dated: November 13, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Brett S. Covington*
BRETT S. COVINGTON
D.C. Bar #1003835
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-0888
Brett.Covington@usdoj.gov

*Attorney for Respondent*